IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MCP IP, LLC,

Plaintiff,

v.

RAVIN CROSSBOWS, LLC,

Defendant.

ORDER

22-cv-4-jdp

---

The court resolved many issues on summary judgment, granting partial summary judgment to each side. Dkt. 257 (corrected opinion). As part of the summary judgment order, the court ordered Ravin to show cause why the court should not grant summary judgment of infringement on the ’665 patent, the ’435 patent, and the ’056 patent.

Ravin’s response to the order to show cause, Dkt. 258, was essentially a motion to reconsider the court’s validity rulings on the three patents. Shortly after the court’s ruling, Ravin also filed a motion to stay the case, citing a pending *ex parte* reexamination of MCP’s ’435 patent. Dkt. 262. The court is not persuaded by Ravin’s reconsideration arguments, but there is no need to address those arguments now, because the court concludes that a stay is warranted.

Since Ravin filed its motion to stay, the United State Patent and Trademark Office has issued a Final Office Action rejecting all 15 claims of the ’435 patent, as well as all 46 additional proposed new claims. Should the USPTO’s ruling stand, it would take the ’435 patent out of the case, which would eliminate two of the three accused Ravin product lines. The court is persuaded that the reexamination of the ’435 patent has such a significant impact on this case that it does not make sense to proceed until that reexamination is definitively concluded.

The court is not persuaded that MCP will be unduly prejudiced by a stay. The majority of the infringing unit sales are of the R26 and R29 models, which are accused of infringing only the ’435 patent. And the court is not persuaded that Ravin is on the verge of insolvency or otherwise unable to pay whatever money judgment might result from this case. The court also considers that this case is but one of three that MCP has filed against Ravin and its affiliates, so resolution of this case will not end the overall dispute between the parties.

The court considered whether it should sever all issues related to the ’435 patent and allow the case to proceed on the other two patents. But Ravin has also requested *ex parte* reexamination of the ’665 patent. That request, on its own, would not warrant a stay. But because a stay relating of the ’435 patent is already well warranted, the court concludes that the more efficient course of action is to stay this case while the USPTO addresses the validity issues before it. Should the request for reexamination of the ’665 patent be denied, or the asserted claims of the ’665 patent be determined to be valid, MCP may renew its request that the court sever the ’435 patent issues and otherwise lift the stay.

## ORDER

IT IS ORDERED that:

1. Defendant Ravin Crossbows, LLC’s motion to stay, Dkt. 262 is GRANTED, and this case is stayed pending the *ex parte* reexamination of the ’435 patent, including

any appeals. The parties are directed to notify the court within seven days of the conclusion of that process.

2. Ravin's motion to file under seal, Dkt. 269, and its motion for leave to file a reply, Dkt. 264, are GRANTED.

3. Plaintiff MCP IP, LLC's motion for leave to file a sur-reply, Dkt. 275, is GRANTED.

Entered October 2, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge